IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD A. WHITE,

       Plaintiff,                              CV F 07 1204 AWI WMW PC

       vs.                                     ORDER DISMISSING COMPLAINT
                                               WITH LEAVE TO
                                               FILE AN AMENDED COMPLAINT

                                               (THIRTY DAY DEADLINE)

M. CARASCO, et al.,

       Defendants.

      Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      This action proceeds on the complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at The California Correctional Institution at Tehachapi, brings this civil rights action against defendant correctional officials employed by the CDCR at CCI Tehachapi.

      Plaintiff's claims in this complaint relate to his placement in the Security Housing Unit (SHU) at Tehachapi. Though difficult to discern from the complaint, it appears that Plaintiff is challenging his placement in the SHU. Plaintiff alleges that he was transferred to CCI from Folsom, and placed in the SHU as a result of an incident that occurred. Plaintiff alleges the he

was assaulted by his cellmate. It is unclear from the complaint, but it appears that Plaintiff is challenging the legality of his SHU confinement. If Plaintiff is challenging the finding or result of any disciplinary hearing, he must allege facts indicating what he was charged with, and what happened at the hearing.

As to Plaintiff's SHU confinement, Plaintiff must allege facts indicating why he was placed in the SHU. If Plaintiff was subjected to any process, he must allege facts indicating what process he had, including any hearings and notices.

The court finds the allegations in plaintiff's complaint vague and conclusory. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended

complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   April 28, 2008**                    /s/  **William M. Wunderlich**
                                        UNITED STATES MAGISTRATE JUDGE