IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD A. WHITE,

    Plaintiff,                             1:07 CV 1204 AWI WMW PC

    vs.                                  ORDER DISMISSING FIRST AMENDED
                                        COMPLAINT  WITH LEAVE TO
                                        FILE SECONDAMENDED COMPLAINT

                                        (THIRTY DAY DEADLINE)

M. CARASCO, et al.,

    Defendants.

    Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the first amended complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at The California Correctional Institution at Tehachapi, brings this civil rights action against defendant correctional officials employed by the CDCR at CCI Tehachapi.

    In the order dismissing the original complaint, the Court noted the following.  Plaintiff's claims in the complaint relate to his placement in the Security Housing Unit (SHU) at Tehachapi.  Though difficult to discern from the complaint, it appeared that Plaintiff was challenging his placement in the SHU.  Plaintiff allegeds that he was transferred to CCI from Folsom, and

placed in the SHU as a result of an incident that occurred.  Plaintiff alleged the he was assaulted by his cellmate.  It is unclear from the complaint, but it appeared that Plaintiff was challenging the legality of his SHU confinement.  Plaintiff was advised that if he was challenging the finding or result of any disciplinary hearing, he must allege facts indicating what he was charged with, and what happened at the hearing.

As to Plaintiff's SHU confinement, Plaintiff was advised the he must allege facts indicating why he was placed in the SHU.  If Plaintiff was subjected to any process, he must allege facts indicating what process he had, including any hearings and notices.

In the first amended complaint, Plaintiff levels a generalized complaint about the classification process, and seeks single cell status.  Plaintiff does not, however, identify specific defendants that engaged in any conduct that caused injury to Plaintiff.  The only reference to Plaintiff is is desire to be placed on single cell status.  Plaintiff has not cured the deficiencies identified in the original complaint.  The first amended complaint must therefore be dismissed. Plaintiff will, however, be granted leave to file a second amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

1  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
2  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
3  complaint, each claim and the involvement of each defendant must be sufficiently alleged.
4         In accordance with the above, IT IS HEREBY ORDERED that:
5         1.  Plaintiff's first amended complaint is dismissed; and
6         2.  Plaintiff is granted thirty days from the date of service of this order to file a
7  second amended complaint that complies with the requirements of the Civil Rights Act, the
8  Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must
9  bear the docket number assigned this case and must be labeled "Second Amended Complaint."
10 Failure to file an amended complaint in accordance with this order will result in a
11 recommendation that this action be dismissed.

14 IT IS SO ORDERED.
15 **Dated:   July 16, 2008**              **/s/  William M. Wunderlich**
                                    UNITED STATES MAGISTRATE JUDGE