IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD WHITE,

       Plaintiff,        1: 07 CV 1204 AWI WMW PC

  vs.              FINDINGS AND RECOMMENDATION RE
                     REQUEST FOR INJUNCTIVE RELIEF (DOC 9, 10)

M. CARASCO, et al.,

       Defendants.

       Plaintiff has filed motions for injunctive relief, seeking an unspecified order relating to his classification.  Plaintiff refers to individuals not named as defendants in this action, and also makes reference to "false detention."

       An order has been entered, dismissing the operative pleading in this action, and granting Plaintiff leave to file an amended complaint.  The complaint was dismissed on the ground that Plaintiff has failed to allege facts sufficient to state a claim for relief.

       The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable

1   harm, or (2) that serious questions are raised and the balance of hardship tips in its favor."

2   Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either

3   approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an

4   injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a

5   bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or

6   questions serious enough to require litigation." Id.

7        Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court

8   must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102

9   (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,

10  454 U.S. 464, 471,(1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If

11  the court does not have an actual case or controversy before it, it has no power to hear the matter

12  in question. Id. "A federal court may issue an injunction *if* it has personal jurisdiction over the

13  parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights

14  of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727

15  (9th Cir. 1985) (emphasis added).  By order issued July 7, 2008, the court dismissed plaintiff's

16  amended complaint, with leave to amend, for failure to state any claims upon which relief may be

17  granted. Thus, at this point in time, there is no case or controversy before the court, and the court

18  has no jurisdiction to issue any preliminary injunctions.

19       Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion for injunctive

20  relief be denied.

21       These findings and recommendations are submitted to the United States District Judge

22  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within

23  twenty days after being served with these findings and recommendations, plaintiff may file

24  written objections with the court.  Such a document should be captioned "Objections to

25  Magistrate Judge's Findings and Recommendations."  Plaintiff is  advised that failure to file

26

2

1  objections within the specified time waives all objections to the judge's findings of fact.  <u>See</u>

2  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the

3  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

4  F.2d 1153 (9th Cir. 1991).

7  IT IS SO ORDERED.

8  **Dated:   July 17, 2008**                          _____/s/  **William M. Wunderlich**_____
                                                     UNITED STATES MAGISTRATE JUDGE