IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD A. WHITE,

    Plaintiff,

vs.

M. CARASCO, et al.,

    Defendants.

CV F 07 1204 AWI WMW PC

ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE A THIRD AMENDED COMPLAINT

(THIRTY DAY DEADLINE)

    Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the July 28, 2008, second amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at The California Correctional Institution at Tehachapi, brings this civil rights action against defendant correctional officials employed by the CDCR at CCI Tehachapi.

    In the order dismissing the first amended complaint, the court noted the following. Plaintiff's claims relate to his placement in the Security Housing Unit (SHU) at Tehachapi. Though difficult to discern from the complaint, it appears that Plaintiff is challenging his placement in the SHU. Plaintiff alleges that he was transferred to CCI from Folsom, and placed

1

in the SHU as a result of an incident that occurred.  Plaintiff alleges the he was assaulted by his cellmate.  It is unclear from the complaint, but it appears that Plaintiff is challenging the legality of his SHU confinement.  If Plaintiff is challenging the finding or result of any disciplinary hearing, he must allege facts indicating what he was charged with, and what happened at the hearing.

As to Plaintiff's SHU confinement, Plaintiff must allege facts indicating why he was placed in the SHU.  If Plaintiff was subjected to any process, he must allege facts indicating what process he had, including any hearings and notices.

The court found the allegations in plaintiff's to be complaint vague and conclusory.   The court therefore dismissed the first amended complaint, The second amended complaint was filed in response to the order dismissing the first amended complaint.

Plaintiff alleges that he was on single cell status, and that he was placed in AdSeg due to behavior on his part (indecent exposure).   Plaintiff seeks to be returned to single cell status.

Plaintiff may be able to state a claim for a due process violation at the hearing if his placement in segregated housing caused him to be subjected to atypical and significant hardships. Sandin v. Conner, 515 U.S. 472, 484 (1995) holds that a prisoner has a federal liberty interest in being free from confinement changes that impose an "atypical and significant hardship ... in relation to the ordinary incidents if prison life."  The Ninth Circuit interprets Sandin to mean that confinement in a disciplinary segregation unit for non-punitive reason does not implicate a liberty interest because such segregation falls within the terms of confinement ordinarily contemplated by a prison sentence, May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997), while placement in a security housing unit (SHU) for disciplinary reasons implicates federal liberty interests if conditions in the SHU materially differ from conditions faced by inmates in purely discretionary segregation, such as administrative segregation or protective custody, or if SHU conditions, as compared with conditions in the general population, create a "major disruption" in

the prisoner's environment.  Resnick v. Hayes, 200 F.3d 641, 646 (9th Cir. 2000).  If plaintiff was not deprived of time credits as a result of the disciplinary hearing in question, the due process deprivation claim is deficient because the complaint does not include any facts that explain why the actions of any defendant caused plaintiff to be subjected to atypical and significant hardships, as compared to those hardships faced by other inmates.   Plaintiff has alleged no such facts here. The second amended complaint must therefore be dismissed.  Plaintiff will, however, be granted leave to file a third amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal

Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   August 7, 2008**              /s/  **William M. Wunderlich**
                                         UNITED STATES MAGISTRATE JUDGE