IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD A. WHITE,

        Plaintiff,                    1:07 CV 01204 AWI YNP SMS (PC)

        vs.                             FINDINGS AND RECOMMENDATION

M. CARASCO, et al.,
        Defendants.

       Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the January 30, 2009, third amended complaint. The original complaint, first amended complaint and second amended complaint were dismissed with leave to amend.

       Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at California State Prison Corcoran, brings this civil rights action against defendant correctional officials employed by the CDCR at CCI Tehachapi.

       In the order dismissing the first amended complaint, the court noted the following. Plaintiff's claims relate to his placement in the Security Housing Unit (SHU) at Tehachapi. Though difficult to discern from the complaint, it appeared that Plaintiff was challenging his placement in SHU. Plaintiff alleges that he was transferred to CCI from Folsom State Prison, and placed in the SHU as a result of an incident that occurred. Plaintiff alleges that he was assaulted by his cellmate. The court noted that it was unclear from the complaint, but it appeared that Plaintiff was challenging the legality of his SHU confinement. Plaintiff was advised that if

he was challenging the finding or result of any disciplinary hearing, he must allege facts indicating what process he had, including any hearings and notices.

The court found the first amended complaint to be vague and conclusory. The first amended complaint was dismissed with leave to amend. In the second amended complaint, Plaintiff alleged that he was on single cell status, and that he was placed in Administrative Segregation (AdSeg) due to behavior on his part (indecent exposure). Plaintiff sought to be returned to single cell status.

In the order dismissing the second amended complaint, the court noted that Plaintiff may be able to state a claim for a due process violation at the hearing if his placement in segregated housing caused him to be subjected to atypical and significant hardships. Sandin v. Conner, 515 U.S. 472, 484 (1995) holds that a prisoner has a federal liberty interest in being free from confinement changes that impose an "atypical and significant hardship... in relation to the ordinary incidents of prison life." The Ninth Circuit interprets Sandin to mean that confinement in a disciplinary segregation unit for non-punitive reasons does not implicate a liberty interest because such segregation falls within the terms of confinement ordinarily contemplated by a prison sentence. May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997). While placement in a SHU for disciplinary reasons implicates federal liberty interests if conditions in the SHU materially differ from conditions faced by inmates in purely discretionary segregation, such as administrative segregation or protective custody, or if SHU conditions, as compared with conditions in the general population, create a "major disruption" in the prisoner's environment. Resnick v. Hayes, 200 F.3d 641, 646 (9th Cir. 2000). If plaintiff was not deprived of time credits as a result of the disciplinary hearing in question, the due process deprivation claim is deficient because the complaint does not include any facts that explain why the actions of any defendant caused plaintiff to be subjected to atypical and significant hardship. Plaintiff alleges no such facts in the second amended complaint, and it was therefore dismissed.

1    In the third amended complaint, Plaintiff fails to allege any facts that suggest he was
2    subjected to atypical and significant hardship. Plaintiff continues to refer to his previous single
3    cell status at Folsom. Plaintiff had been placed on single cell status at Folsom due to an attack
4    from another inmate. That correctional officials at CCI Tehachapi did not place Plaintiff on
5    single cell status does not subject them to liability under Sandin. Double celling is not a
6    condition that materially differs from conditions faced by inmates in purely discretionary
7    segregation, or general population.

8    Because Plaintiff has not filed an amended complaint that corrects the deficiencies in
9    second amended complaint, the court recommends dismissal of the claims made in the third
10   amended complaint with prejudice for failure to state a federal claim upon which the court could
11   grant relief. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given
12   notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

13   Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for
14   failure to state a claim upon which relief can be granted.

15   These findings and recommendations are submitted to the United States District
16   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B). Within
17   twenty days after being served with these findings and recommendations, plaintiff may file
18   written objections with the court. Such a document should be captioned "Objections to
19   Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file
20   objections within the specified time waives all objections to the judge's findings of fact. See
21   Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the
22   specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951
23   F.2d 1153 (9th Cir. 1991).

24   IT IS SO ORDERED.

25   **Dated:    February 4, 2010**              /s/ Sandra M. Snyder
                                                 UNITED STATES MAGISTRATE JUDGE